# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INS. CO. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No: _____ |
| ) | |
| UNITED SERVICES AUTOMOBILE ) | |
| ASSOCIATION d/b/a "USAA" ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff, Massachusetts Bay Insurance Company, by and through counsel, and for action against United Services Automobile Association, files this Complaint for Declaratory Judgment and states as follows:

### PARTIES

1. Massachusetts Bay Insurance Company is a Massachusetts insurance company with a principal place of business in Worcester, Massachusetts.

2. United Services Automobile Association ("USAA") is a Texas insurance company with a principal place of business in San Antonio, Texas. USAA writes insurance coverage in Tennessee. USAA may be served through the Tennessee Commissioner of Insurance.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because this is a civil action seeking a determination of coverage and priority under policies of insurance wherein

1

the potential liability exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

4. The United States District Court for the Middle District of Tennessee is the proper venue for this action under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 123(b).

## FACTS

5. At all times relevant to this matter, Steven Aretz and Kimberly Aretz owned properties located at 2941 Nicole Road, Clarksville, Tennessee and at 2952 Nicole Road, Clarksville, Tennessee.

6. Upon information and belief, USAA issued a policy or policies of homeowners' insurance to Steven and Kimberly Aretz for the properties located at 2941 Nicole Road, Clarksville, Tennessee and at 2952 Nicole Road, Clarksville, Tennessee, referred to herein as the "USSA Policy." The USAA Policy was in effect at all times relevant to this matter and specifically in 2014 and 2015.

7. Douglas and Kathryn Aretz are citizens and residents of Wisconsin with an address of 3613 Charles St., Racine, Wisconsin.

8. Massachusetts Bay Insurance Company issued a policy of homeowners' insurance to Douglas and Kathryn Aretz, which was in effect at all times relevant to this matter and specifically in 2014 and 2015.

9. In an underlying, state court litigation, the plaintiff, Connie Easterling, as the mother of decedent Liperial "Savon" Easterling, has filed suit against Steven Aretz, Kimberly Aretz, Douglas Aretz, Kathryn Aretz, and other parties arising out of the alleged murder of Liperial "Savon" Easterling by Joshua Aretz, the son of Steven and Kimberly Aretz, and other individuals. The suit is pending in the Circuit Court for Montgomery County, Tennessee and is

styled, *In re: Liperial "Savon" Easterling, by his parent Connie Easterling v. Joshua Aretz, Kim Aretz, Steven Aretz, Kathy Aretz, Douglas Aretz, Officer J. Sims, Eric Ewing, The City of Clarksville, Tennessee, 2nd Chance 24 Hour Bail Bonding, Rise D. Mikolawjewski, Rise's Bonding Company, Omnilink Systems, Inc., and Jayde Hodge*, docket no. 16-CV-1617 (referred to herein as the "*Easterling* Suit").

10. At times relevant to this matter, Douglas and Kathryn Aretz lived at 2952 Nicole Road, Clarksville, Tennessee, which was owned by Steven and Kimberly Aretz and was insured by USAA.

11. In the *Easterling* Suit, the plaintiff alleges, among other things, that Douglas and Kathryn Aretz were negligent in failing to properly monitor Joshua Aretz, while he was released on bond, and in failing to report violations by Joshua Aretz of the conditions of his bond of which they were aware or should have been aware. The plaintiff asserts that the alleged negligence of Douglas and Kathryn Aretz was a "but-for" cause and a proximate cause of the death of Liperial "Savon" Easterling. The plaintiff seeks damages in the amount of $20,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages against all defendants, including Douglas and Kathryn Aretz. A copy of the *Easterling* Amended Complaint is attached as Exhibit A to this Complaint for Declaratory Judgment.

12. Upon information and belief, Douglas and Kathryn Aretz qualify as insureds under the USAA Policy because, among other reasons, Douglas and Kathryn Aretz resided at 2952 Nicole Road, Clarksville, Tennessee, which was owned by Steven and Kimberly Aretz and was insured by USAA, at times relevant to some of the allegations contained in *Easterling* Suit.

13. Because Douglas and Kathryn Aretz are insureds under the USAA Policy, USAA has the primary duties to provide them with a defense and to indemnify them for any award of damages in the *Easterling* Suit.

14. In light of the foregoing, Massachusetts Bay Insurance Company, on behalf of Douglas and Kathryn Aretz, tendered the defense and indemnity of Douglas and Kathryn Aretz to USAA by letter dated March 20, 2017.

15. By letter dated March 21, 2017, USAA rejected the tender demand by Massachusetts Bay Insurance Company without explanation or reference to any specific term, provision, or condition of the USAA Policy.

16. USAA has refused to provide Douglas and Kathryn Aretz and/or Massachusetts Bay Insurance Company with a certified copy of the USAA Policy.

17. Upon information and belief, USAA's rejection of the above referenced tender demand was without basis in fact, contrary to the terms of its policy, and in bad faith.

18. Because of USAA's failure to satisfy its duty to provide a defense to its insureds, Douglas and Kathryn Aretz, Massachusetts Bay Insurance Company has incurred legal fees and expenses to provide a defense to Douglas and Kathryn Aretz.

19. Because of USAA's wrongful rejection of the tender demand, Massachusetts Bay Insurance Company continues to incur legal fees and expenses to provide a defense to Douglas and Kathryn Aretz.

20. The Plaintiff, Massachusetts Bay Insurance Company, asserts that it is entitled to a declaration by this Court that the USAA policy provides coverage to Douglas and Kathryn Aretz to include the provision of a defense of and indemnification for the claims and/or damages allegedly involved in the *Easterling* Suit.

21.     The Plaintiff, Massachusetts Bay Insurance Company, asserts that it is entitled to a declaration by this Court that the coverage provided by the USAA Policy for Douglas and Kathryn Aretz is primary over any other valid insurance coverage, including any coverage provided to Douglas and Kathryn Aretz under the Massachusetts Bay Insurance Company's policy.

## CLAIMS FOR DECLARATORY RELIEF

22.     An actual, present, and justiciable controversy exists among the parties regarding their rights and obligations under the policies of insurance issued by Massachusetts Bay Insurance Company and USAA.  A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.

23.     Massachusetts Bay Insurance Company seeks a judicial determination of the relative rights and duties of USAA and Massachusetts Bay Insurance Company with respect to the defense and indemnification of Douglas and Kathryn Aretz in regards to the *Easterling* Suit.

24.     Massachusetts Bay Insurance Company asserts that its policy issued to Douglas and Kathryn Aretz is excess to the primary coverage provided by the USAA Policy.  USAA, therefore, is primarily responsible for providing Douglas and Kathryn Aretz a defense in the *Easterling* Suit.  In addition, USAA is primarily responsible for indemnifying Douglas and Kathryn Aretz against any award of damages against them in the *Easterling* Suit.

25.     Massachusetts Bay Insurance Company asserts that it has no obligation to indemnify Douglas and Kathryn Aretz against any award of damages against them in the *Easterling* Suit unless and until the applicable limits of the USAA Policy are exhausted.

26. Massachusetts Bay Insurance Company asserts that, because USAA wrongfully and improperly rejected its tender demand, USAA is responsible for reimbursing Massachusetts Bay Insurance Company for all legal fees and expenses that it has incurred and continues to incur in the defense of Douglas and Kathryn Aretz in the *Easterling* Suit. The Court, therefore, should declare that USAA must reimburse Massachusetts Bay Insurance Company for all such fees and expenses incurred.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Massachusetts Bay Insurance Company, prays:

1. That proper process be issued requiring the Defendant to appear and answer the allegations herein.

2. That a judgment be entered in favor of Massachusetts Bay Insurance Company declaring that the USAA Policy provides coverage to Douglas and Kathryn Aretz and USAA has a duty to defend and a duty to indemnify Douglas and Kathryn Aretz in the lawsuit filed in Circuit Court for Montgomery County, Tennessee, styled *In re: Liperial "Savon" Easterling, by his parent Connie Easterling v. Joshua Aretz, Kim Aretz, Steven Aretz, Kathy Aretz, Douglas Aretz, Officer J. Sims, Eric Ewing, The City of Clarksville, Tennessee, 2nd Chance 24 Hour Bail Bonding, Rise D. Mikolawjewski, Rise's Bonding Company, Omnilink Systems, Inc., and Jayde Hodge*, docket no. 16-CV-1617.

3. That a judgment be entered in favor of Massachusetts Bay Insurance Company declaring that the coverage provided by the USAA Policy to Douglas and Kathryn Aretz is primary to any other valid insurance coverage afforded to Douglas and Kathryn Aretz, including all such coverage provided by the policy of insurance issued by Massachusetts Bay Insurance Company.

4. That a judgment be entered in favor of Massachusetts Bay Insurance Company declaring that USAA is responsible for and must reimburse Massachusetts Bay Insurance Company for all legal fees and expenses Massachusetts Bay Insurance Company has incurred and continues to incur in providing a defense to Douglas and Kathryn Aretz in the *Easterling* Suit.

5. That the Massachusetts Bay Insurance Company be awarded all costs, including discretionary costs, to which it is entitled under the law.

6. That the Massachusetts Bay Insurance Company be awarded such further other general or equitable relief and damages that the Court may find appropriate under the circumstances involved herein.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

s/Brent S. Usery
Brent S. Usery, Esq., BPR# 25737
Bank of America Tower
414 Union Street, Suite 1700
Nashville, TN 37219
(615) 425-7358 direct telephone
(615) 259-9080 telephone
(615) 259-1522 facsimile
bsu@spicerfirm.com
*Counsel for Massachusetts Bay Ins. Co.*